**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                      Criminal Case No. 02-80810
                                                Civil Case No. 16-12322

v.
                                                      HON. DENISE PAGE HOOD

DAMON LAMAR JOHNSON (D-2),

    Defendant-Petitioner.
_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#117], ORDER DISMISSING CIVIL CASE NO. 16-12322 and ORDER DENYING CERTIFICATE OF APPEALABILITY

**I.    BACKGROUND**

On September 5, 2002, Defendant Lamar Johnson was charged in an Indictment with Bank Robbery, Aiding and Abetting (Count One); and Using, Carrying, Brandishing and Discharging a Firearm During a Crime of Violence, Aiding and Abetting (Count Two). (Doc # 1) On February 26, 2003, Defendant was charged with six additional counts in a First Superseding Indictment: two counts of Carjacking (Counts Three and Five); another two counts of Using and Carrying a Firearm During a Crime of Violence, Aiding and Abetting (Counts Four and Six); Bank Robbery (Count Seven); and Using and Carrying a Firearm During

1

a Crime of Violence (Count Eight). (Doc # 49)

On October 9, 2003, Defendant pled guilty to Counts One, Three, Five, Seven, and Eight. (Doc # 73) He also pled guilty to two additional counts in Case No. 03-80676—one count of aggravated bank robbery and one count of discharging a firearm during a crime of violence, aiding and abetting. A Corrected Rule 11 Plea Agreement was entered on April 2, 2004. (Doc # 80) Due to his career offender status under the Sentencing Guidelines, Defendant's adjusted offense level increased to 37 and his criminal history category became a IV. Defendant received a three level sentence reduction for acceptance of responsibility, bringing his offense level to 34. Defendant's advisory guideline range was 262 to 327 months.

The Court imposed a Judgment on March 29, 2004 and sentenced Defendant to be imprisoned for a total term of 48 months on Counts One, Three, Five and Seven, the sentence to run concurrently as to each count. The Court also sentenced Defendant to be imprisoned for a total term of 10 years on Count Eight, the sentence to run consecutively to the sentence imposed on Counts One, Three, Five, and Seven. Defendant is serving a 39-year sentence because a sentence of 25 years imposed in Case No. 03-80676 was to run consecutively to the aforementioned sentence. The Court sentenced Defendant to supervised release for a term of three years, the sentence to run concurrently as to each count. (Doc # 82) The Court

also ordered Defendant to pay $69,189.00 in restitution. Defendant did not file an appeal in this matter.

On June 22, 2016, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 claiming: (1) that the residual clause of the career offender advisory guidelines is unconstitutionally vague in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act is unconstitutionally vague; and (2) that the definition of a "crime of violence" under 18 U.S.C. § 924(c) (under which Defendant was convicted) was invalidated by *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc # 117)

On August 17, 2016, the Court entered an Order Staying Litigation Pending the Supreme Court's Decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (Doc # 126) On March 6, 2017, the Supreme Court issued an opinion in *Beckles*. The Court lifted the stay and ordered briefing on March 17, 2017. (Doc # 133) The Government filed a Response on June 19, 2017. (Doc # 138) Defendant filed a Reply on July 10, 2017. (Doc # 140)

## II. ANALYSIS

### A. Standard of Review

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). In order to prevail on a Section 2255

motion, the movant must show: "(1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

### B. *Johnson*'s Application to the Sentencing Guidelines

Defendant moves for resentencing pursuant to the *Johnson* decision: "My increased sentence was imposed under the residual clause of USSG 4B1.2(a) and is now unconstitutional in light of *Johnson v. United States*…." (Doc # 117, Pg ID 398). *Johnson v. United States*, 135 S. Ct. 2551 (2015), on which Defendant relies, is the Supreme Court case that invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) ("ACCA"), on vagueness grounds. *Id.* at 2557. The instant Motion was stayed by this Court pending a decision in *Beckles* to determine whether the residual clause in the career-offender provision of the advisory federal Sentencing Guidelines, U.S.S.G. § 4B1.2(a), was also unconstitutionally vague.

The Supreme Court held in *Beckles* that the residual clause of the Sentencing Guidelines is not void for unconstitutional vagueness: "…the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness

motion, the movant must show: "(1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

### B. *Johnson*'s Application to the Sentencing Guidelines

Defendant moves for resentencing pursuant to the *Johnson* decision: "My increased sentence was imposed under the residual clause of USSG 4B1.2(a) and is now unconstitutional in light of *Johnson v. United States*…." (Doc # 117, Pg ID 398). *Johnson v. United States*, 135 S. Ct. 2551 (2015), on which Defendant relies, is the Supreme Court case that invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) ("ACCA"), on vagueness grounds. *Id.* at 2557. The instant Motion was stayed by this Court pending a decision in *Beckles* to determine whether the residual clause in the career-offender provision of the advisory federal Sentencing Guidelines, U.S.S.G. § 4B1.2(a), was also unconstitutionally vague.

The Supreme Court held in *Beckles* that the residual clause of the Sentencing Guidelines is not void for unconstitutional vagueness: "…the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness

challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles*, 137 S. Ct. at 892.

Defendant's first argument fails because *Johnson* does not apply to the advisory Sentencing Guidelines and does not change Defendant's career offender classification.

### C. *Johnson*'s Application to 18 U.S.C. § 924(c)

Defendant also argues that he is entitled to resentencing because *Johnson* invalidated the definition of "crime of violence" as applied to his convictions under 18 U.S.C. § 924(c).

Defendant pled guilty to bank robbery, and element of which is that the taking of money was "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). Defendant also pled guilty to aggravated bank robbery, an element of which is that, during the robbery, defendant assaulted and put in jeopardy the lives of other persons by the use of a dangerous weapon. 18 U.S.C. § 2113(a), (d). Defendant also pled guilty to using and carrying a firearm in relation to the bank robberies and was convicted under 18 U.S.C. § 924(c)(1)(A). The factual basis for these convictions, to which the Defendant admitted, included:

> On August 12, 2002, defendant drove to Ann Arbor, Michigan with Patrick Patillo and Lionel Sorrells for the purpose of robbing a Bank One branch . . . . Each man donned a mask and entered the bank. Defendant carried a handgun and brandished it to the bank employees and customers for the purpose of intimidating them into giving them money. The robbers obtained approximately $32,925 of U.S.

5

currency belonging to the bank. During the course of fleeing from the bank robbery, defendant discharged a firearm by shooting it at the police officers who were in pursuit.
. . .
On February 15, 2002, defendant drove to East Lansing, Michigan with Patrick Patillo and Ian Owens for the purpose of robbing a National City Bank branch . . . . Each man donned a mask and entered the bank. Defendant carried a handgun and brandished it to the bank employees and customers for the purpose of intimidating them into giving them money. The robbers obtained approximately $39,837 of U.S. currency belonging to the bank. During the course of fleeing from the bank robbery, defendant discharged a firearm by shooting it at a civilian witness.

(Doc # 80, Pg ID 248-49)

18 U.S.C. § 924(c)(3) defines "crime of violence" as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense.

18 U.S.C. § 924(c)(3).

Defendant argues that the *residual clause* of 18 U.S.C. § 924(c)(3)'s definition of "crime of violence" is unconstitutionally vague. However, as it was charged in this case, bank robbery under 18 U.S.C. § 2113(a) involves taking money from a bank "by force and violence and by intimidation." Therefore, bank robbery as charged here satisfies the *elements clause* of § 924(c)(3). *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016), *cert. denied,* 137 S. Ct. 830 (2017) (finding that "taking property from a bank by force and violence, or

intimidation, or extortion" involves the use, attempted use, or threatened use of physical force). Defendant's second argument fails, and he is not entitled to relief.

In any event, the Sixth Circuit has previously rejected the argument that the *residual clause* 18 U.S.C. § 924(c)(3) is unconstitutionally vague. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the court held that "*Johnson* does not require reversal of Taylor's conviction, because several factors distinguish the [ACCA's] residual clause from § 924(c)(3)(B)." *Id.* at 376.

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Id.* "Taylor's argument that *Johnson* effectively invalidated § 924(c)(3)(B) is accordingly without merit." *Id.* at 379.

In *Shuti v. Lynch*, the Sixth Circuit further explained,

> [In *Taylor*], we held that 18 U.S.C. § 924(c)'s definition of a crime of violence was not unconstitutionally vague. That conclusion, we think, makes perfect sense because the statute at issue in *Taylor* is a criminal offense and creation of risk is an element of the crime. As the *Johnson* Court determined, no doubt should be cast upon laws that apply a qualitative risk standard to real-world facts or statutory elements. Unlike the ACCA and INA, which require a categorical

7

approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference. . . . As the Court made clear this term, the ACCA's vagueness rests in large part on its operation under the categorical approach.

*Shuti v. Lynch*, 828 F.3d 440, 449-50 (6th Cir. 2016) (internal quotations and citations omitted).

Accordingly, even if Defendant's convictions were not crimes of violence under the *elements clause* of Section 924(c)(3), Defendant's argument would still fail because under Sixth Circuit precedent *Johnson* did not invalidate the *residual clause* of Section 924(c)(3).

### D. Whether to Stay the Case

Lastly, Defendant suggests that this Court should hold his Motion in abeyance until the Supreme Court enters a decision in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016).[1] Defendant further notes that the Supreme Court is currently considering whether to grant the petition for writ of certiorari filed in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).[2] Notably, Defendant did not file a separate

---

[1] *Dimaya* was argued before the Supreme Court in January 17, 2017 and is set for reargument on October 2, 2017. *Docket for Sessions, Attorney General, Petitioner v. James Garcia Dimaya*, SUPREME COURT OF THE UNITED STATES, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-1498.htm (last visited July 27, 2017).

[2] Rejon Taylor filed the petition for a writ of certiorari on October 6, 2016. The Government responded, and Taylor replied. The matter was distributed for conference of September 25, 2017. *Docket for Rejon Taylor, Petitioner v. United States*, SUPREME COURT OF THE UNITED STATES, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/16-6392.htm (last visited July 27, 2017).

motion to stay as required by our Local Rules.  *See* E.D. Mich. Electronic Filing Policies and Procedures R 5(f).

In *Dimaya v. Lynch*, the Ninth Circuit held that, as incorporated into the Immigration and Nationality Act, the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague.  803 F.3d 1110, 1120 (9th Cir. 2015).  The Sixth Circuit has reached the same conclusion.  *Shuti v. Lynch*, 828 F.3d 440, 451 (6th Cir. 2016).  The matter currently before the Supreme Court in *Dimaya* is a Government appeal of the Ninth Circuit's ruling.  Defendant correctly notes that the language of the residual clause of Section 16(b) and the language of the residual clause of Section 924(c)(3)(B) are essentially the same.  Nevertheless, nothing will change in the Sixth Circuit if the Supreme Court affirms the Ninth Circuit in *Dimaya*.  When the Sixth Circuit decided *Shuti*, it had already determined that Section 924(c)(3)(B) is not unconstitutionally vague in *Taylor*, and as discussed above, the Sixth Circuit found no incongruence between the two holdings.  Additionally, these cases implicate the residual clauses of Section 16(b) and Section 924(c)(3)(B); however, as discussed above, bank robbery as charged in this case satisfies the elements clause of Section 924(c)(3)(A).  *Dimaya* has no bearing on whether bank robbery is a crime of violence under the elements clause of Section 924(c)(3)(A).  For all these reasons, *Dimaya* will not affect Defendant's case, and

9

the Court will not hold Defendant's Motion in abeyance pending a Supreme Court ruling in *Dimaya*.

Likewise, the Court will not hold Defendant's Motion in abeyance pending the outcome in *Taylor*, where the Supreme Court is currently considering whether to grant the petition for writ of certiorari. In *Taylor*, the Sixth Circuit distinguished the ACCA's residual clause from the residual clause of Section 924(c)(3)(B), and held that the residual clause of Section 924(c)(3)(B) is not unconstitutionally vague. 814 F.3d at 376, 379. Again, bank robbery as charged in this case satisfies the elements clause of Section 924(c)(3)(A). Any outcome in *Taylor* would have no bearing in this case.

### E. Summary

Based on the above analysis, the Court finds that Defendant failed to show that the residual clause of the career offender advisory Sentencing Guidelines is unconstitutionally vague. The Court further finds that Defendant failed to show that *Johnson* invalidated his convictions under 18 U.S.C. § 924(c). Defendant is not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF ABEALABILITY

Rule 22 of the Federal Rules of Civil Procedure provides that an appeal may not proceed unless a certificate is issued under 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue

or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the arguments raised by Defendant in his Section 2255 Motion are without merit.

**IV. CONLCUSION**

For the reasons set forth above,

IT IS ORDERED that Defendant Lamar Johnson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 02-80810, Doc # 117, filed June 22, 2016]** is **DENIED.**

IT IS FURTHER ORDERED that Defendant Lamar Johnson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No.16-12322]** is **DISMISSED with prejudice.** The case is designated as **CLOSED** on the Court's docket.

IT IS FURHTER ORDERED that a certificate of appealability not issue in this case.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2017, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager