UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 02-80810
                                   HON. DENISE PAGE HOOD
v.

DAMON LAMAR JOHNSON,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT [# 146]

This matter is before this Court on Defendant Damon Lamar Johnson's ("Johnson") *pro se* Motion to Alter or Amend Judgment filed on September 18, 2017. (Doc # 146) On August 17, 2017, this Court entered an Order denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and denying certificate of appealability. (Doc # 143) Johnson argues this Court erred in denying his § 2255 Motion. For the reasons set forth below, Johnson's Motion to Alter or Amend Judgment is **DENIED**.

I.    ANALYSIS

**A. Standard of Review**

Johnson's Motion is a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). A party may file a motion to alter or amend judgment

pursuant to Rule 59(e). *Burt v. Zych*, No. 09-CV-10618, 2009 WL 799033, at *1 (E.D. Mich. Mar. 23, 2009). "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). The disposition of a Rule 59(e) motion is within the discretion of the district court. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). A court may grant relief under Rule 59(e) to: (1) accommodate an intervening change in controlling law; (2) account for new evidence which was not previously available at trial; or (3) correct a clear error of law or to prevent manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, F.Supp.2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Industries, Inc. v. Ford Motor Company*, 175 F.R.D.251, 254 (E.D. Mich. 1997)). A district court has the authority to equate a Rule 59(e) motion with a timely filed motion for reconsideration. *See United States v. Savage*, 99 F. App'x 583, 584-85 (6th Cir. 2004) (holding district court has discretion to equate motions for reconsideration with Federal Rule of Civil Procedure 59(e) motions).

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Johnson's Motion was timely filed under Rule 59(e).

Local Rule 7.1 states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**B. Palpable Defect**

Johnson argues this Court erred in denying his § 2255 Motion, based in part on an assumption that the 18 U.S.C. § 924(c)(1)(A)(iii) conviction attached to his conviction for bank robbery (under 18 U.S.C. § 2113(a)) was also attached to his subsequent conviction for aggravated bank robbery (under 18 U.S.C. § 2113(a) and (d)). Johnson is incorrect. In the Order denying Johnson's § 2255 Motion, this Court listed both bank robbery offenses, and one of the § 924(c) offenses, to

support its finding that Johnson's bank robbery charge under § 2113(a) satisfies the elements clause of 18 U.S.C. § 924(c)(3). (Doc # 143, Pg 5-6) Johnson has not provided evidence that this Court erroneously assumed his § 924(c)(1)(A)(iii) conviction was attached to his aggravated bank robbery conviction.

Johnson also challenges this Court's denial of a certificate of appealability ("COA"), based on its finding that Johnson's arguments regarding 18 U.S.C. § 924(c)(3) lacked merit. (Doc # 146, Pg 3) In support of his challenge, Johnson cites *Buck v. Davis*, 137 S. Ct. 759 (2017), in which the Supreme Court stated that "a court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable." *Id.* at 774 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Johnson fails to acknowledge that the *Buck* opinion also states, "[W]hen a court of appeals properly applies the COA standard and determines that a prisoner's claim is not even debatable, that necessarily means the prisoner has failed to show that his claim is meritorious. But the converse is not true."

This Court found Johnson's argument, that the *residual clause* of 18 U.S.C. § 924(c)(3)'s definition of "crime of violence" is unconstitutionally vague, without merit because this Court found that bank robbery as charged in this case satisfied the *elements clause* of § 924(c)(3). (Doc # 143, Pg 6) This Court later added, even

4

if Johnson's conviction was not a crime of violence under the *elements clause* of § 924(c)(3), Johnson's argument would still fail because the Sixth Circuit has rejected arguments that the *residual clause* of § 924(c)(3) is unconstitutionally vague. (Doc # 143, Pg 7-8) Johnson claims this Court evaluated the full merits of his § 924(c)(3) argument. This Court, however, determined that Johnson's argument lacked merit because it did not have any bearing on the constitutionality of the elements clause of § 924(c)(3).

Johnson has not met his burden on a motion for reconsideration, as he has not demonstrated a palpable defect by which the court has been misled.

**C. Rule 59(e) Relief**

Johnson has failed to show grounds for granting relief under Rule 59(e). Johnson's Motion to Alter or Amend Judgment is DENIED.

**II. CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Damon Lamar Johnson's Motion to Alter or Amend Judgment (Doc # 146) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager