UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMON LAMAR JOHNSON,

    Defendant.

_____/

Criminal Case No. 02-80810-D2
Civil Case No. 20-11639
Honorable Denise Page Hood

**ORDER DENYING WITHOUT PREJUDICE MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255 [ECF NO. 154],
MOOTING MOTION TO DISMISS PETITION [ECF NO. 185],
TRANSFERRING MOTION TO VACATE SENTENCE TO THE
SIXTH CIRCUIT COURT OF APPEALS AS A SUCCESSIVE PETITION,
AND
CLOSING CIVIL CASE NO. 20-11639, *JOHNSON v. UNITED STATES***

    This matter is before the Court on Defendant Damon Lamar Johnson's Motion to Vacate Sentence under 28 U.S.C. § 2255. In response, the Government filed a Motion to Dismiss Petition as a Successive Petition. Johnson filed a reply to the Government's motion.

    On March 29, 2004, a Judgment was entered after Johnson entered into a Rule 11 Plea Agreement with the Government. [ECF No. 82] Johnson pled guilty to two counts of bank robbery (18 U.S.C. § 2113(a), (b)); two counts of carjacking (18 U.S.C. § 2119); and discharging a firearm during a crime of violence (18 U.S.C. §

924(c)(1)(A)(iii) and (c)(2)).  No appeal was taken on the Judgment.

On June 22, 2016, Johnson filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, which the Court denied on August 17, 2017. [ECF Nos. 117, 143]  The Sixth Circuit Court of Appeals denied Johnson's motion for a certificate of appealability to appeal this Court's judgment denying Johnson's Motion to Vacate on September 5, 2018. [ECF No. 151] Johnson filed a second Motion to Vacate Sentence under § 2255 on July 7, 2020. [ECF No. 154] The Government moved to dismiss the petition as a successive petition where Johnson had not received permission from the Sixth Circuit to file the petition. [ECF No. 185] Johnson replied that the Government failed to timely respond to his petition and that the second writ is subject to collateral review pursuant to "In re: Wissam Hammoud, Case No. 19-12458, 11th Circuit, July 23, 2019." [ECF No. 186, PageID.1010]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et. seq., which amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts.  Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  This

2

requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

After review of Johnson's petition, the Court finds that it is a second petition under § 2255. Johnson argues that based on *U.S. v. Davis*, 588 U.S. ___, 139 S.Ct. 2319 (2019) his convictions predicated on § 924(c) should be vacated and that the *In re Hammoud* case allows him to file a successive petition. [ECF No. 154, PageID.562] It may be that the *Hammoud* case may allow Johnson to file a successive petition, but in *Hammoud*, the petitioner sought leave to file such from the Eleventh Circuit. *In re Hammoud,* 931 F.3d 1032, 1035 (11th Cir. 2019)("Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Wissam T. Hammoud has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255"). Here, Johnson did not request the Sixth Circuit to file a successive habeas as required by § 2244(b)(3)(A). The Court denies without prejudice Johnson's second petition under

3

§ 2255 pending transfer to and review by the Sixth Circuit of Appeals as to whether Johnson may file a successive petition before the district court.

Accordingly,

IT IS ORDERED that Damon Lamar Johnson's Motion to Vacate Sentence under 28 U.S.C. § 2255 **[ECF No. 154]** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court TRANSFER the Motion to Vacate Sentence under 28 U.S.C. § 2255 [ECF No. 154] to the Sixth Circuit Court of Appeals.

IT IS FURTHER ORDERED that the Government's Motion to Dismiss Petition for Writ of Habeas Corpus **[ECF No. 185]** is rendered MOOT.

IT IS FURTHER ORDERED that Case No. 20-11639, *Johnson v. United States* is designated as **CLOSED** on the Court's docket.

s/Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2024